## STATE v. CLARK.

1. CONSTABLE—A MAGISTRATE cannot *verbally* authorize an individual not a constable by legal appointment to convey a prisoner to jail.
2. ASSAULT AND BATTERY—JURY—CHARGE—OFFICER.—A request to charge that an officer cannot be convicted of assault and battery of a high and aggravated nature for unnecessary rudeness and violence to a prisoner, invades the province of the jury in taking from them the motive and intent of the officer.

Before ALDRICH, J., Lexington, February, 1897. Affirmed.

Indictment against S. J. Clark for aggravated assault and battery. Defendant convicted and appeals.

*Messrs. Efird & Dreher,* for appellant.

*Solicitor J. Wm. Thurman,* contra.

Feb. 12, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The "Case" contains the following statement of facts: "The defendant, S. J. Clark, was indicted and tried at the February term, 1897, of the General Sessions Court for Lexington County, charged with assault and battery of a high and aggravated nature on S. R. Bouknight, a one-armed man. On May 28th, 1896, said Bouknight was arrested by a constable named Boland, and brought before Magistrate Haltiwanger, at the town of Chapin, in Lexington County, charged with aiding and abetting two negroes, who were then and there also under arrest, for burning the barns and stables of the defendant. The warrant of arrest was sworn out by one Holland, a detective, and served on Bouknight by Boland. The defendant, Clark, was the regular constable of the magistrate, not under bond, but the one who did his work. Bouknight testified that when he was at or near the magistrate, in a store door, defendant had the two negroes tied in the street with a rope. That Clark beckoned to him to come there. He went, and Clark tied him with the same rope to the

negroes. He further says that Clark cursed him and jerked him around and treated him roughly; but this is denied by Clark, and not substantiated by any of the bystanders who were witnesses in the case. He asked Clark not to tie him, but did not resist. After some parley, he was untied, he says, by a bystander; but Clark says he untied him, and is corroborated by Hiller. He then begged Clark to let him furnish his own conveyance and ride to jail; but this was refused, and he was made to walk along with the two negroes. He was untied. The two negroes were handcuffed together."

The defendant requested the presiding Judge to charge the jury as follows: "Under the indictment, the defendant can only be convicted, if convicted at all, of assault and battery. If the jury come to the conclusion, from the testimony in the case, that the defendant was acting as an officer in good faith, believing that he was an officer, under this indictment the jury can not convict of assault and battery of a high and aggravated nature."

His Honor stated to the jury that he declined to charge said requests, except as they were covered by his charge, which, in effect, refused the said requests.

The defendant was found guilty, and sentenced to pay a fine of $200, or be confined at hard labor on the public works of the county for six months.

He appealed upon two exceptions, the first of which is as follows: "Because his Honor erred in charging the jury: 'If a man is not a constable in the manner provided by law, he is acting without warrant of law, and for one to take another in custody, * * * without virtue of being appointed or elected constable in the manner indicated, would be responsible for his acts,' for the reason that such charge ignores the view that when the Court obtains jurisdiction of the person of the prisoner the Judge may verbally instruct a bystander to take him to a place of safe keeping." The only question raised by this exception is whether the magistrate had the right to in-

struct the defendant, verbally, to execute the warrant of commitment. The Code of Criminal Procedure contains provisions authorizing and requiring magistrates to arrest any person who shall perpetrate a crime or misdemeanor in view of the magistrate, and in making any such arrest, the magistrate is empowered to command any constable, by-stander or the *posse comitatus*, as the emergency may require, but such provisions are inapplicable in this case. The manner of appointing constables in a case like this is thus provided in section 901 of the Revised Statutes: "When any person shall be elected or appointed to the office of constable, he shall repair to the clerk's office of the county, and, together with the evidence of his election or appointment, he shall lodge his bond, in the form pre-scribed by law, in the penalty of $500, with good sureties, not less than two nor more than five, to be approved in writing by the clerk; and upon taking the oaths herein prescribed such person shall be entitled to a certificate from the clerk that he has filed his bond and taken the requisite oaths, and shall thenceforth be regarded as a regularly qualified constable; nor shall any person not so qualified exercise the powers of a constable: *Provided*, That nothing herein contained shall prevent a presiding judge, or a trial justice, or a coroner, from appointing a constable to act by virtue of such appointment, only, on a particular occasion to be specified in writing; but no trial justice shall depu-tize the person swearing out a warrant in any case to serve the same." The first exception is overruled.

The second exception is as follows: "Because his Honor erred in refusing to charge defendant's second request to charge: 'If the jury come to the conclusion from the testi-mony in the case, that the defendant was acting as an officer in good faith, believing that he was an officer, under this indictment, the jury can not convict him of assault and battery, of a high and aggravated nature,' for the reason that his refusal so to charge took away from the consideration of the jury the motive and intent

of the defendant in laying hold of the prosecutor." The motive and intention of the defendant in laying hold of the prosecutor were properly for the consideration of the jury. *State* v. *Beck,* 1 Hill, 363. But the presiding Judge could not have charged the request in the form in which it was presented, without invading the province of the jury. A person, even when clothed with all the insignia of office, may act so rudely and cruelly in executing the duties of his office, as to be guilty of an assault and battery of a high and aggravated nature. The vice in the request to charge was that it took from the consideration of the jury, the question whether the defendant, even admitting that he was empowered to execute the warrant of commitment, acted with unnecessary rudeness and cruelty toward the prosecutor. The second exception is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.